OPINION
{¶ 1} Defendant-appellant Ted S. Copperman appeals his sentence entered by the Muskingum County Court of Common Pleas, following his conviction on two counts of Gross Sexual Imposition, in violation of R.C. 2907.05 (A)(4), felonies of the third degree.
 STATEMENT OF THE CASE,[1] {¶ 2} Following appellant's entering guilty pleas to the aforementioned charges and a previous order of remand for resentencing entered by this Court on August 1, 2005, the trial court resentenced appellant to a definite term of imprisonment of four years on each count. The trial court ordered jail terms to run consecutively. The trial court journalized the sentence via Entry filed October 17, 2005.
 {¶ 3} Appellant appeals the October 17, 2005 Entry, assigning as error:
 {¶ 4} "I. THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE TERMS OF IMPRISONMENT WHEN IT FAILED TO PROVIDE ADEQUATE REASONS FOR THE FINDINGS REQUIRED BY OHIO REVISED CODE SECTION 2929.14(E)(4).
 {¶ 5} "II. THE TRIAL COURT ERRED IN IMPOSING UPON THE DEFENDANT A NON-MINIMUM SENTENCE WHERE THE FINDINGS ESSENTIAL TO THE SENTENCE WAS NOT MADE BY A JURY OR ADMITTED BY THE DEFENDANT, THUS VIOLATING THE DEFENDANT'S SIXTH AMENDMENT RIGHT TO TRIAL BY JURY."
 I II {¶ 6} We shall address appellant's assignments of error together.
 {¶ 7} In its sentencing entry, the trial court found (pursuant to O.R.C. 2929.14 (B)) the minimum sentence would demean the seriousness of the offenses and would not adequately protect society. Based upon such finding, the trial court sentenced appellant to more than the minimum term on each count. The trial court also made the requisite findings under R.C.2929.14 (E)(4) in ordering the jail terms to run consecutively.
 {¶ 8} Subsequent to the filing of briefs by the parties, the Ohio Supreme Court announced its decision in State v. Foster,
___ Ohio St.3d ___, 2006-Ohio-856. Therein the Ohio Supreme Court found R.C 2929.14 (B) and R.C. 2929.14 (E)(4) unconstitutional. Id., syllabus nos. 1 and 3, respectively. The Foster Court determined sentences based upon unconstitutional statutes are void and the appropriate disposition is to vacate the sentence and remand the matter to the trial court for a new sentencing hearing. Id. at para. 103. Based upon Foster, we sustain this assignment of error.
 {¶ 9} Appellant's sentence is order vacated and the case remanded to the trial court for resentencing.
By: Hoffman, P.J. Farmer, J. and Boggins, J. concur
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, appellant's sentence is ordered vacated and the case is remanded to the trial court for resentencing. Costs assessed to appellee.
[1] A rendition of the facts is unnecessary for our resolution of appellant's assignments of error.